707 S.E.2d 416

**In the Matter of David Hart BREEN, Respondent.**

No. 26942.

Supreme Court of South Carolina.

Heard March 2, 2011.
Decided March 21, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

David Hart Breen, of Myrtle Beach, pro se respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand, along with law office management requirements. We accept the agreement, and issue a public reprimand and impose law office management requirements as detailed later in this opinion. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In 2002 and 2003, respondent filed several bankruptcy petitions well after his clients had completed payment for his services and, in some cases, well after they had completed their paperwork. In June of 2003, the United States Bankruptcy Court for the District of South Carolina ordered respondent to refund the fees paid by four of his clients. After the Assistant United States Trustee filed a second complaint, respondent and the United States Trustee's Office entered into consent orders which addressed the concerns of the Trustee's Office and in which respondent agreed to return the fees paid by four additional clients. These consent orders were approved by the Bankruptcy Court in October of 2003.

Respondent represents he has resolved the issues giving rise to these complaints. He states he now ensures bankruptcy petitions are filed in a timely manner. In addition to changes in his office practices, respondent represents he has resolved staff supervision issues that resulted in some of the delays.

### Matter II

Complainant retained respondent in October 2002 to represent her in a worker's compensation claim against a federal agency. Respondent represents he informed the client he was not experienced in handling matters governed by the Federal Employees' Compensation Act, but would review her records and seek experienced co-counsel.

In August of 2003, respondent wrote Complainant indicating he had not succeeded in finding co-counsel. In the letter, respondent informed Complainant she would need to find counsel and file a claim within twenty-five (25) days. Respondent asserts he did communicate with Complainant after being retained and before the August 2003 letter.

After receipt of the complaint from ODC, respondent learned Complainant had previously preserved her claim against a defense that it was not timely filed and he was in error in advising her she only had twenty-five (25) days to file her claim.

## Matter III

Respondent acknowledges he failed to properly maintain his trust account and maintain the records required by Rule 417, SCACR. In particular, he admits that: 1) on some occasions he failed to record credits and debits on his check stubs, 2) on numerous occasions he failed to record the client or file associated with the credits and debits, 3) he made cash withdrawals from his trust account, and 4) failed to reconcile his trust account. Respondent represents he relied on his memory to keep track of whose money he held in his trust account at any given time.

Respondent admits that, on two occasions in 2005, respondent's law office telephone bill was paid from his trust account. Respondent does not know whether the funds from the trust account were ever replaced.

In November 2006, respondent deposited $12,822.21 into his law office trust account. These funds were loaned to him from a trust fund belonging to his wife. Respondent submits he deposited these funds to cover a shortfall he caused in his trust account by withdrawing accumulated costs payable to his office. He explains that he accidently withdrew too much money from the trust account because he was relying on his memory. Respondent cannot identify the withdrawal or withdrawals that triggered his November 2006 deposit. Additionally, upon learning that he had deposited more funds than were necessary to cover the excess withdrawal(s), respondent then left the funds in his account and paid the funds back to his wife on a piecemeal basis. Respondent concedes that

failing to timely withdraw costs, depositing the funds from his wife's trust, and failing to return the excess funds all constituted impermissible comingling of funds.

In 2008, respondent began working with a bookkeeper to reconcile his trust account. He represents he provides the bookkeeper with his check stubs and bank statements so that she can reconcile the account. Although respondent is not providing the bookkeeper with client ledgers, he asserts he has been reviewing the bookkeeper's reconciliations line by line.

Additionally, during 2008, respondent made a series of electronic transfers from his law office trust account to his operating account to remove funds he asserts belonged to him rather than to his clients. Respondent explains these transfers were made as part of his efforts to ensure that the funds he held in trust were those of his clients alone and that he relied on his memory to determine the sums that needed to be removed.

Respondent asserts that none of his clients lost any money as a result of his failure to properly maintain his trust account. ODC has no information to dispute this assertion.

In addition to trust account irregularities, respondent collected fees in workers' compensation matters before the fee petitions were approved by the Workers' Compensation Commission.

In remediation, respondent completed the South Carolina Bar's Legal Ethics and Practice Program Ethics School on October 15, 2009, which included two hours of trust account instruction. Since completing the program, respondent believes he has a better understanding of his responsibilities for managing his trust account and maintaining his financial records. For example, respondent is now insuring his disbursement sheets, which he uses as client ledgers, are compared with his bank statements during the monthly reconciliations of his accounts.

Respondent has been fully cooperative throughout ODC's investigation.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and competence in representing client); Rule 1.4 (lawyer shall provide reasonable communication to client); Rule 1.15 (lawyer shall hold funds of client separately from lawyer's own funds); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 3.4(c) (lawyer shall not knowingly disobey obligation under rules of tribunal); and Rule 5.3 (lawyer having supervisory authority over non-lawyer shall make reasonable efforts to insure that person's conduct is compatible with professional obligations of lawyer). Further, respondent admits that he has violated the financial recordkeeping provisions of Rule 417, SCACR. Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

Within forty-five (45) days of the date of this opinion, respondent shall retain a law office management advisor acceptable to the Commission on Lawyer Conduct (the Commission). Within sixty (60) days of the date of this opinion, respondent shall meet with the advisor to conduct a thorough review of respondent's law office management practices, including, but not limited to, respondent's law office accounting. Within ninety (90) days of this opinion, the law office management advisor shall file a complete report of respondent's office management practices with the Commission. The report shall also include the advisor's review, analysis, and recommendations concerning respondent's law office management practices.

In addition, for two (2) years from the date of this opinion, respondent shall meet with his law office management advisor at least once every six (6) months and the advisor shall submit a complete report to the Commission within thirty (30) days of the end of each six (6) month period. The law office management advisor's final report shall include a complete assessment of respondent's law office management practices, specifically addressing respondent's compliance with his advisor's recommendations. Respondent shall be responsible for payment of the advisor and timely submission of the advisor's reports.

Finally, respondent's failure to comply with the provisions regarding the retention of a law office management advisor, submission of the advisor's reports, and compliance with the advisor's recommendations, shall constitute misconduct under Rule 8.4(e), RPC, Rule 407, SCACR, and shall be grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR.

PUBLIC REPRIMAND.